COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Bray and Annunziata
Argued at Alexandria, Virginia


JAMES MAYNARD PRO

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1799-99-4          JUDGE ROSEMARIE ANNUNZIATA
                                         JUNE 20, 2000
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Kathleen H. MacKay, Judge

          S. Jane Chittom, Appellate Counsel (Elwood
          Earl Sanders, Jr.; Public Defender
          Commission, on briefs), for appellant.

          Eugene Murphy, Assistant Attorney General
          (Mark L. Earley, Attorney General, on
          brief), for appellee.


     James Maynard Pro appeals from his conviction of making a

threat to burn a building in violation of Code § 18.2-83.  He

contends the trial court erred 1) in admitting into evidence two

protective orders with an accompanying affidavit; 2) in finding

the Commonwealth's evidence sufficient to convict him of the

charged offense; and 3) in relying upon the personal experience

of the court in evaluating evidence in the case.  For the

reasons that follow, we find no error and affirm the conviction.

---

        *Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

BACKGROUND

"On appeal, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Hunley v. Commonwealth, 30 Va. App. 556, 559, 518 S.E.2d 347, 349 (1999). On October 17, 1998, Pro argued with his mother, Florence Pro ("Mrs. Pro"), concerning money Pro wished Mrs. Pro to give him to redeem his tools from pawn. When Mrs. Pro refused to give him the money, Pro became angry and knocked some Lenox ornaments off a table in Mrs. Pro's home, causing them to break. Pro "said that he was going to burn the house down before [Mrs. Pro] gave the house to the girls," the "girls" being Mrs. Pro's adult granddaughters, Geri Ann and Andrea.[1] Mrs. Pro called the police, and thereafter sought and obtained an emergency protective order from the juvenile and domestic relations district court. On November 2, 1998, that order was made permanent.

At Pro's trial on April 6, 1999, Mrs. Pro testified for the Commonwealth. She testified that when Pro destroyed the ornaments, she was "scared to a certain point." However, she denied that Pro's threat to burn her house frightened her, and claimed that she only sought the protective order "to get him [to] move out of my house and go [out] on his own." Mrs. Pro acknowledged, however, that "she signed off on the [temporary]

_____

[1] Geri Ann and Andrea are Pro's estranged daughters.

protective order," and subsequently "went back and got a permanent one."

The Commonwealth offered the temporary and permanent protective orders, with the attached affidavit signed by Mrs. Pro, as substantive evidence to show "why she went and got" the protective order. The court admitted the protective orders and affidavit over Pro's objection.

In finding Pro guilty, the court noted that "there has to be an appropriate mens rea in order for this crime to be committed, which is a threat to burn . . . ." The court viewed "threat" as "a communication avowing an intent to injure another's person or property" which "taken in its particular context must reasonably cause the receiver to believe that the speaker will act according to his expression of intent." The court found as a matter of fact that Pro's statement that he "was going to burn the house down" was a "malicious threat" that "made apparent an intent to injure [Mrs. Pro's] person or property" and that "Mrs. Pro thought that it was a legitimate threat." Discounting the possibility the words were spoken in jest, the court found "[t]hese people were serious."

Pro was sentenced to one year of incarceration, which the court suspended for a period of two years. This appeal followed.

## ADMISSIBILITY OF THE PROTECTIVE ORDERS AND AFFIDAVIT

Pro contends the protective orders and supporting affidavit were inadmissible, arguing the orders are rendered inadmissible by statutory proscription, and the affidavit is inadmissible both as an adjunct of the inadmissible protective orders and as hearsay. Pro has failed to preserve this claim for appeal, however.

When the protective order was offered into evidence, Pro objected only that the order was not relevant. Defense counsel argued that the Commonwealth's attorney offered the order only "to impeach his own witness because he doesn't like her responses" and that the order was not relevant to any material fact in the case. Pro made no other objection. On appeal, however, Pro contends the affidavit in support of the protective order was inadmissible under Code § 16.2-253.4(G), and as hearsay. These arguments were not presented to the trial court, and are therefore barred by Rule 5A:18, which provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to . . . attain the ends of justice." We find no basis to apply the good cause or ends of justice exceptions in this case, and we therefore address this contention no further.

## SUFFICIENCY OF THE EVIDENCE

Pro further contends the evidence admitted at trial was insufficient as a matter of law to convict him. This claim is without merit.

As noted, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible. See Hunley, 30 Va. App. at 559, 518 S.E.2d at 349. We do not substitute our judgment for that of the trier of fact, whose judgment will not be set aside unless plainly wrong or without evidence to support it. See id. So viewed, the evidence on the record supported the trial court's judgment. In support of his argument, Pro contends that Mrs. Pro's testimony constituted positive proof that she did not believe Pro intended to burn her house and that because the affidavit contradicting her testimony stated various reasons for Mrs. Pro's fear of Pro, the trial court could not properly infer, based on the affidavit, that Mrs. Pro's fear derived from a belief that Pro intended to carry out his threat. We disagree.

Where extrinsic evidence is properly admitted to "contradict" prior testimony, "such evidence has a dual character . . . and . . . unlike other forms of impeaching evidence . . . is also admissible as substantive evidence." Charles E. Friend, The Law of Evidence in Virginia § 4-7, at 140 (4th ed. 1993). "Out of court statements offered to show the

state of mind of the declarant are admissible in Virginia when relevant and material." Johnson v. Commonwealth, 2 Va. App. 598, 602, 347 S.E.2d 163, 165 (1986); see also Pavlick v. Commonwealth, 27 Va. App. 219, 231, 497 S.E.2d 920, 926 (1998) (en banc) ("If shown to be relevant to the case, out-of-court utterances are admissible to show the state of mind of the declarant."). Thus, if Mrs. Pro's statements in the affidavit supporting the protective order are relevant and material to this case, the affidavit was properly admitted as substantive evidence.

The affidavit served both as impeachment evidence and as affirmative evidence of Mrs. Pro's state of mind at the time Pro threatened to burn her house. Despite Mrs. Pro's assertions in her ore tenus testimony, the affidavit gave the court grounds to doubt the credibility of that testimony. Furthermore, as substantive evidence, it served to show her fearful state of mind immediately after Pro made his threat, supporting, by inference, her belief that Pro intended to carry out the threatened act. The fact that the affidavit stated additional grounds for her fear of Pro is irrelevant, as the weight accorded the evidence lies within the discretion of the trier of fact. See Commonwealth v. Holloway, 9 Va. App. 11, 17, 384 S.E.2d 99, 102 (1989). "The inferences to be drawn from proven facts, so long as they are reasonable, are within the province

of the trier of fact."  Hancock v. Commonwealth, 12 Va. App. 774, 782, 407 S.E.2d 301, 306 (1991) (citation omitted).  In sum, the court had sufficient evidence before it to support its conclusion that Mrs. Pro reasonably believed Pro's threat:  Mrs. Pro's testimony established that Pro communicated an intent to burn her house, the immediate context of Pro's statement established its malicious nature, and Mrs. Pro's signed affidavit established her fearful state of mind resulting from Pro's statement, proving that she believed his threat to be sincere.

### TRIAL COURT'S RELIANCE ON PERSONAL EXPERIENCE

Finally, Pro contends the trial court erred by taking judicial notice that, in intra-family disputes, frequently a complainant will file criminal charges against a defendant, only to recant at a later time irrespective of the merits of the initial accusation.  However, Pro made no objection at the time the judge made this observation, and no effort was made to alert the court that such an observation might be exceptionable.  Rule 5A:18 therefore bars our further consideration of this claim.

For the reasons stated, we affirm the decision of the trial court.

Affirmed.